**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELICIA CAIN-GRIFFIN, | : |
| Plaintiff, | : Civil Action No. 14-2795 (MAS) (DEA) |
| v. | : |
| STATE OF NEW JERSEY, et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**SHIPP, District Judge**

      This matter comes before the Court upon the motion of Defendants the State of New Jersey (the "State") and the New Jersey Department of Child Protection and Permanency, incorrectly pled as the Department of Youth and Family Services (collectively, "Defendants"),[1] to dismiss Plaintiff's amended complaint for failure to state a claim. (ECF No. 5.) In response, Plaintiff Felicia Cain-Griffin ("Plaintiff") filed a motion to amend the First Amended Complaint (ECF No. 7), which Defendants opposed (ECF No. 8). The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court dismisses the matter for lack of jurisdiction.[2]

---

[1] In 2006, the New Jersey Legislature passed the Department of Children and Families Act and created the Department of Children and Families ("DCF") to focus exclusively on the protection of children. *See* N.J.S.A. 9:3A-1 to -3. The Division of Youth and Family Services ("DYFS"), pursuant to that statute, was placed within the DCF. *See* N.J.S.A. 9:3A-1. In the same act, DYFS was replaced by the Department of Child Protection and Permanency ("CP&P"). *See* N.J.S.A. 9:3A-10. Yet, as Plaintiff frames many of her allegations against DYFS, for the purposes of this Memorandum Opinion, the Court will refer to DYFS.

[2] The Court must dismiss a complaint upon discovering a lack of subject-matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3).

## I.  Background and Procedural History

Plaintiff pro se initially filed this action in May 2014. The Court sua sponte dismissed Plaintiff's complaint without prejudice soon thereafter, for failure to comply with the pleading requirements under Federal Rule of Civil Procedure 8(a). Subsequently, Plaintiff filed an amended complaint ("FAC"). The FAC alleges that the State and DYFS violated her various constitutional and statutory rights when her daughter, A.R.G., was removed from her custody shortly after birth. As a result of these various violations, Plaintiff requests relief in the form of money damages, namely $85 million.

Defendants move to dismiss the FAC for failure to state a claim for relief. Rather than oppose Defendants' motion, Plaintiff filed a motion for leave to file a second amended complaint. Plaintiff's proposed second amended complaint ("SAC") contains additional allegations related to the same set of facts and includes additional defendants. The SAC adds as defendants two state-court judges, three caseworkers for the CP&P, and a caseworker allegedly employed by Capital Health Regional Medical Center. The SAC also identifies §§ 1983 and 1985 as sources for Plaintiff's causes of action for the alleged violation of her rights. Last, the SAC claims that Plaintiff's rights under the First, Fifth, Ninth, and Fourteenth Amendments were violated in connection with the termination of her parental rights. Plaintiff requests "that the [state-court's] decision of termination be overturned," the restoration of parental rights, and punitive damages in the amount of $85 million.

## II.  Discussion

The Court lacks jurisdiction to decide this case. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging the 'state-court judgments rendered before the district court proceedings

commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what is in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Rather, review of a state-court judgment can only be had in the state's appellate courts or in the United States Supreme Court. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *see also* 28 U.S.C. § 1257. "The [*Rooker-Feldman*] doctrine is jurisdictional in nature, precluding further federal review." *Turetsky v. Turetsky*, 402 F. App'x 671, 673 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010)). The Third Circuit has shed light on the requirements necessary for the "doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 284).

Here, *Rooker-Feldman* is applicable. The first and third requirements, set forth in *Great Western*, are easily satisfied: Plaintiff lost her termination proceeding in state court, and the judgment was rendered prior to the institution of this suit. However, "[t]he second and fourth requirements are key to determining whether a federal suit presents an independent non-barred claim"—and are more intricately applied. *See id.*

The second requirement set forth in *Great Western* is also present. In determining whether the second requirement is met, "[t]he critical task is to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury produced by a state-court

judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 167.  In *Great Western*, the court highlighted the scenario presented here as one in which a state-court judgment would constitute the cause of a plaintiff's injuries.  Quoting from a Second Circuit case, the court illustrated such a circumstance:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son.  If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.

*Id.* at 166-67 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F3d 77, 87 (2d Cir. 2005)).  Here, Plaintiff is not only complaining of a deprivation of substantive due process, she complains that the state-court judgment itself is the reason for the constitutional violations she suffers.

In addition, the fourth requirement set forth in *Great Western* is present.  "What this requirement targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court."  *Id.* at 169.  Indeed, here, Plaintiff invites just such a review.  The FAC and SAC, read together, complain of procedural irregularities and deprivations and contend that the state court came to the wrong conclusion.  These errors, according to Plaintiff, caused her constitutional and statutory injuries.  For instance, the SAC states that:

> A trial court has no authority to enter further orders in a Title 9 proceeding if it finds that the child has not been abused or neglected unless the court determines, after a hearing, that the child is in need of services to ensure its health and safety . . . . ***My child needed no such services, as [DYFS] records will show.***

(SAC 2 (emphasis in original) (citation omitted).)  Plaintiff plainly invites the Court to conduct a review of the state-court decisions below.

Based on the above, all four prongs of *Rooker-Feldman* are satisfied.  Accordingly, the Court lacks jurisdiction to decide the matter.

## III. Conclusion

For the foregoing reasons, the Court dismisses the FAC for lack of jurisdiction. In addition, the Court denies Defendants' motion to dismiss as moot and denies Plaintiff's request to file the SAC as futile. An appropriate order accompanies this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 31, 2015